IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALPINE OPERATING SERVICES COMPANY, INC., a Delaware Corporation; CALPINE GILROY COGEN, LP, a Delaware Corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>ELECTRICAL MAINTENANCE CONSULTANTS, INC., a California Corporation,<br><br>          Defendant.<br>_____<br>ELECTRICAL MAINTENANCE CONSULTANTS, INC., a California Corporation,<br><br>          Third Party Plaintiff,<br><br>     v.<br><br>E & M Electric and Machinery, Inc.,<br><br>          Third Party Defendant.<br>_____<br>AND RELATED COUNTERCLAIM<br>_____ | 2:09-cv-01495-GEB-DAD<br><br><u>ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT</u>[*] |

---

        [*]   This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1    Third Party Defendant, E & M Electric and Machinery, Inc. ("E&M") moves for a determination that its settlement with Plaintiffs was made in "good faith" under sections 877 and 877.6 of the California Code of Civil Procedure. E&M further requests that "all cross-complaints for indemnity and contribution against [it] be dismissed." (E&M's Mot. 2:7-8.) Defendant/Third Party Plaintiff Electrical Maintenance Consultants, Inc. ("EMC") filed a "Non-Opposition" to E&M's motion. (ECF No. 41.)

## I. BACKGROUND

Plaintiffs Calpine Operating Services Company, Inc. ("COSCI") and Calpine Gilroy Cogen, LP ("CGC") (collectively referred to as "Plaintiffs") filed this action against EMC on June 1, 2009. (Compl., ECF No. 2.) The Complaint alleges breach of contract and express indemnity claims, "arising out of the catastrophic failure of a brushless exiter owned and operated by [Plaintiffs]." (Compl.; E&M's Mot. 3:3:7-12.)

Plaintiffs allege "COSCI and EMC entered into a Continuing Services Agreement," in which "EMC agreed to perform services . . . required for COSCI to perform its responsibilities for operating one or more of its power generating facilities." (Compl. ¶¶ 12-13) (internal quotation marks omitted). Plaintiffs also allege that under the Continuing Services Agreement ("Agreement"), a purchase order was issued to EMC to repair a steam turbine generator at CGC's Gilroy plant. Id. ¶ 21. Plaintiffs further allege that EMC performed two separate repairs to the generator, which ultimately resulted in "a catastrophic failure," requiring repair by another entity. Id. ¶¶ 24-33.

1          Following Plaintiffs' suit against EMC, EMC filed a third-
2 party complaint against E&M, alleging indemnity and contribution claims.
3 (Am. Third-Party Compl., ECF No. 9.)  EMC subcontracted with E&M to
4 perform work on the second of the referenced two repairs and alleges
5 "all claims in Plaintiffs' Complaint were caused in whole or in part by
6 E&M." Id., ¶ 8.
7          E&M filed a counter-claim for equitable indemnity or
8 contribution against EMC, alleging "the work it performed on the
9 [generator] was appropriate based upon the information it received from
10 EMC."  (E&M's Counter-Claim, ¶ 21, ECF No. 14.)
11          Plaintiffs' counsel declares that "[Plaintiffs] ha[ve] agreed
12 to settle [their] claims with E&M for $325,000." (Decl. of Robin Cleary,
13 ¶ 4.)  E&M seeks a "judicial determination" that this settlement was
14 made in "good faith" under California Code of Civil Procedure sections
15 877 and 877.6.

## II. DISCUSSION

17          A settling party may seek a determination that a settlement
18 was made in "good faith" under California Code of Civil Procedure
19 section 877.6 ("section 877.6") in federal court. Fed. Sav. & Loan Ins.
20 Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while
21 the "section 877.6 procedures do not govern a federal action . . . the
22 substantive provisions . . . are applicable"); see also Sunterra Corp.
23 v. Perini Bldg. Co., No. 2:04-cv-00784-MCE-EFB, 2009 WL 2136108, at *1
24 (E.D. Cal. July 15, 2009) (stating "[a] district court may properly
25 consult the provisions of § 877.6 in determining whether an early
26 settlement meets the requisite good faith scrutiny"). Section 877.6
27 provides in pertinent part:
28

        (a)(1)  Any party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors . . . .

    . . . .

        (c)  A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial comparative indemnity, based on comparative negligence or comparative fault.

        (d)  The party asserting the lack of good faith shall have the burden of proof on that issue.

In determining if a settlement is in "good faith" under California law, the court should "take[] into account" a number of factors, including: "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial." <u>Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.</u>, 38 Cal. 3d 488, 499 (1985). "Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." <u>Id.</u>

Since EMC filed a Non-Opposition to E&M's motion, and nothing in the record indicates that the settlement was not made in "good faith" under California Code of Civil Procedure sections 877 and 877.6, E & M Electric Machinery, Inc.'s motion for determination of good faith settlement is granted. Therefore, any claims for indemnification or contribution by Electrical Maintenance Consultants, Inc. against E & M

4

1  Electric Machinery, Inc. are dismissed and barred by this good faith
2  settlement determination.
3  Dated:  March 1, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge